# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

**MADINA HALAL MARKET, L.L.C.,**

    **Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

    **Defendant.**

Case No.:   2:26-cv-1184

**COMPLAINT**

Plaintiff Madina Halal Market, LLC, by and through undersigned counsel, pursuant to 7 U.S.C. § 2023 and 7 C.F.R. § 279.7, hereby files this Complaint against Defendant United States of America and alleges:

1.    This action seeks judicial review of the Final Agency Decision ("FAD"), dated March 16, 2025, issued by the U.S. Department of Agriculture's ("USDA") Food and Nutrition Service ("FNS"), which imposed a six-month term disqualification on Madina Halal Market, L.L.C.'s retail food store's participation as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP").

## I.    PARTIES

2.    Plaintiff Madina Halal Market, L.L.C. is a resident and citizen of the State of Washington.

COMPLAINT - 1

3.      Plaintiff Madina Halal Market, L.L.C. is the owner of Madina Halal Market, the retail food store located at 21630 Pacific Highway South, Des Moines, Washington 98198 ("Madina Halal Market" or "Store").

4.      Madina Halal Market is a "Retail Food Store" as defined in 7 C.F.R. § 271.2.

5.      Defendant United States of America is the federal government.

6.      USDA is an executive branch department of the federal government.

7.      FNS is an agency of the USDA.

8.      FNS generally administers and has promulgated regulations governing the SNAP pursuant to a delegation by Congress in Section 4 of the Food and Nutrition Act of 2008, 7 U.S.C. § 2013, and from the USDA Secretary.

9.      Formerly known as the Food Stamp Program, SNAP provides supplemental nutrition benefits to nearly 42 million Americans and most than 510,000 residents of the State of Washington. SNAP's fundamental purpose is to provide eligible low-income households with increased food purchasing power. 7 U.S.C. § 2011.

10.     Pursuant to SNAP regulations set forth in 7 C.F.R. Part 278, FNS asserts that it has regulatory authority to authorize and disqualify retail food stores from participating in SNAP.

## II.    JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action pursuant to 7 U.S.C. § 2023, 7 C.F.R. § 279.7, 28 U.S.C. §§ 1331 and 1346.

12.     Venue in this district is proper under 7 U.S.C. § 2023 and 28 U.S.C. §§ 1391(b) and (e) because Madina Halal Market, the retail food store that is the subject of this action, is located in this judicial district and because the United States of America is deemed a resident of this district and has consented to suit in this district.

13.     Plaintiff Madina Halal Market, LLC has exhausted all applicable administrative remedies required prior to the institution of this action.

COMPLAINT - 2

## III.    FACTUAL ALLEGATIONS

14.    Madina Halal Market is a convenience store that serves an impoverished community in Des Moines, Washington.

15.    At all times relevant hereto, Madina Halal Market is and has been authorized by FNS to participate in SNAP as an authorized retailer.

16.    At all times relevant hereto, Madina Halal Market trained its employees regarding SNAP in accordance with FNS requirements.

17.    At all times relevant hereto, Madina Halal Market properly supervised its employees regarding SNAP transactions and program requirements.

18.    At all times relevant hereto, Madina Halal Market sold SNAP-eligible staple food items.

19.    At all times relevant hereto, Madina Halal Market also sold SNAP ineligible items.

20.    Numerous items sold at Madina Halal Market are and were SNAP-eligible items.

21.    The Food and Nutrition Act does not define "major ineligible items."

22.    FNS's SNAP regulations do not define "major ineligible items."

23.    FNS has not issued any publicly issued guidance defining "major ineligible items."

24.    Hair oil is not a "major ineligible item" under FNS's regulations or otherwise.

25.    No other SNAP-authorized retail food store in the vicinity carries as wide an array of SNAP-eligible items at comparable prices.

26.    At all times relevant hereto, Madina Halal Market is and has been authorized by FNS to redeem SNAP benefits. Madina Halal Market's FNS-issued SNAP authorization number is 0827489.

27.    On or about July 21, 2025, FNS's Retailer Operations Division ("ROD") sent Madina Halal Market a letter charging the Store with accepting SNAP benefits in exchange for "major ineligible items" in alleged violation of FNS's SNAP regulations contained at 7 C.F.R. § 278.2(a) ("Charge Letter").

COMPLAINT - 3

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

28. The Charge Letter alleged that on May 30, 2025, Madina Halal Market sold one "major ineligible items" [sic] in exchange for SNAP benefits ("EBT") on a single occasion to an undercover FNS investigator.

29. The sole allegedly "major ineligible" item sold at the Store in exchange for SNAP benefits was hair oil.

30. The Charge Letter also alleged that the Store sold three other SNAP ineligible items on March 28 and 30, 2025, in exchange for SNAP benefits: food service gloves, napkins, and sponges.

31. On July 28, 2025, Madina Halal Market submitted its response to the Charge Letter.

32. On September 3, 2025, FNS issued its initial determination ("Initial Determination").

33. The Initial Determination, which consisted of a short form letter, advised that FNS found that "the violations occurred at your store." The Initial Determination also failed to address the Store's request for a civil money penalty ("CMP").

34. On September 8, 2025, Madina Halal Market timely sought administrative review of the Initial Determination pursuant to 7 C.F.R. Part 279.

35. On January 17, 2026, Madina Halal Market submitted its response in support of its Request for Administrative Review of the Initial Determination ("Madina Halal Market's Response").

36. Madina Halal Market's Response requested that FNS's Administrative and Judicial Review Branch ("ARB") reverse the Initial Determination and issue it a warning.

37. On March 16, 2026, FNS Administrative Review Officer ("ARO") David A. Shively issued the FAD. A copy of the FAD is attached hereto as Exhibit A.

38. In its FAD, ARB rejected all of Madina Halal Market's arguments, notwithstanding the evidence submitted by the Store, and affirmed the Initial Determination that imposed a six-month term disqualification from SNAP upon Madina Halal Market.

COMPLAINT - 4

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

39.    The FAD concluded that the "investigation report documents by a preponderance of the evidence that store employees engaged in the misuse of SNAP benefits noted in Exhibits A, and B, warranting a disqualification as a SNAP retail food store for a period of six months." FAD, at 5.

40.    The FAD failed to properly address Madina Halal Market's argument that disposable gloves, napkins, hair oil, and sponges were not common or major ineligible items.

41.    The FAD rejected Madina Halal Market's argument that the management of the Store was not careless and did not poorly supervise its employees, summarily concluding that "[R]epeatedly entrusting unsupervised, inexperienced, and/or untrained clerk(s) to handle SNAP benefits is reasonably viewed as careless or the exercise of poor supervision." *Id.* at 5.

42.    ARO Shively did not conduct any independent analysis of the allegations set forth in the Charge Letter and merely relied upon the undercover investigator's report and/or the Retailer Operations Division's ("ROD") determination.

43.    The FAD failed to meaningfully address Madina Halal Market's argument that a warning was appropriate.

44.    The FAD rejected Madina Halal Market's argument that a CMP was appropriate, noting only that the Retailer Operations Division determined that there were "one or more larger stores located nearby." *Id.* at 7. Upon information and belief, FNS uses a one-mile radius for hardship determination purposes, which is an unreasonable long distance for SNAP beneficiaries to walk each way to purchase groceries, of Madina Halal Market.

45.    The FAD improperly relied upon the Retailer Operations Division's determination, and ARO Shively did not conduct his own independent analysis.

### FNS's SNAP REGULATIONS

46.    Pursuant to 7 C.F.R. § 278.6(e)(5), the penalty for a firm not previously sanctioned for accepting SNAP benefits in exchange for "common nonfood items due to carelessness or poor supervision" (emphasis added) is a six-month term disqualification from participation in SNAP.

COMPLAINT - 5

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

47. FNS is required to "send the firm a warning letter if violations are too limited to warrant a disqualification." 7 C.F.R. § 278.6(e)(7).

48. Pursuant to FNS's regulation governing Hardship CMPs, 7 C.F.R. § 278.6(f)(1), FNS is required to impose a CMP as a sanction in lieu of disqualification when doing so would "cause hardship to SNAP households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices."

### COUNT I - JUDICIAL REVIEW OF FINAL AGENCY ACTION PURSUANT TO 7 U.S.C. § 2023 AND 7 C.F.R. § 279

49. Plaintiff Madina Halal Market, LLC repeats and re-alleges paragraphs 1 through 48 as if fully set forth  herein.

50. Madina Halal Market, LLC denies that the Store engaged in violations of FNS's SNAP regulations or that a six-month disqualification from SNAP was an appropriate penalty.

51. At no time did Madina Halal Market sell any "major ineligible items" in exchange for SNAP benefits.

52. At no time did Madina Halal Market poorly supervise its employees.

53. No evidence in the Administrative Record exists that supports FNS's determination that Madina Halal Market poorly supervised its employees.

54. At no time did Madina Halal Market act carelessly in permitting the sale of "major ineligible items" in exchange for SNAP benefits.

55. No evidence in the Administrative Record exists that supports FNS's determination that Madina Halal Market acted carelessly in permitting the sale of "major ineligible items" in exchange for SNAP benefits.

56. FNS's determination that Madina Halal Market sold "major ineligible items" in exchange for SNAP benefits was invalid, unreasonable, arbitrary, capricious, and unsupported by the evidence.

COMPLAINT - 6

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

57.     FNS's determination that Madina Halal Market poorly supervised its employees was invalid, unreasonable, arbitrary, capricious, and unsupported by the evidence.

58.     FNS's determination that Madina Halal Market acted carelessly in permitting "major ineligible items" to be sold in exchange for SNAP benefits was invalid, unreasonable, arbitrary and, capricious, and unsupported by the evidence.

59.     FNS's six-month disqualification of Madina Halal Market's participation in SNAP and denial of its request for a Hardship CMP was invalid, unreasonable, arbitrary and capricious, and unsupported by the evidence. *See Kim v. United States¸* 903 F. Supp. 118 (D.D.C. 1995) (reversing FNS's imposition of a six-month term disqualification where there was no evidence of intent, no evidence that a pattern of selling ineligible items due to carelessness existed, no prior warnings were given, and no trafficking took place).

60.     FNS's six-month disqualification of Madina Halal Market from participating in SNAP and denial of its request for a Hardship CMP should be reversed because FNS failed to consider all evidence related to the Store.

61.     FNS failed to consider all available evidence in determining whether staple food items were available at comparable prices at other SNAP-authorized stores in the vicinity.

62.     FNS's six-month disqualification of Madina Halal Market from participating in SNAP and denial of its request for a Hardship CMP should be reversed because FNS failed to properly consider all available evidence in determining whether staple food items were available at comparable prices at other SNAP-authorized stores in the vicinity.

63.     No other retailer in the area carries halal staple food items.

64.     FNS's analysis of other SNAP-authorized stores in the vicinity failed to consider where SNAP beneficiaries who shopped at Madina Halal Market resided.

65.     FNS officials and employees did not visit other SNAP-authorized stores in the vicinity in May 2025.

66.     FNS did not conduct a comparison of prices of staple food items at Madina Halal

COMPLAINT - 7

Market and other SNAP-authorized stores in the vicinity in May 2025.

67.    FNS's six-month disqualification of Madina Halal Market from participating in SNAP and denial of its request for a Hardship CMP should be reversed because FNS's analysis of other SNAP-authorized stores in the vicinity (1) failed to consider where SNAP beneficiaries who shopped at Madina Halal Market resided; and (2) was not based, upon information and belief, on store visits to other SNAP-authorized retailers in the vicinity in May 2025.

68.    FNS's six-month disqualification of Madina Halal Market from participating in SNAP and denial of its request for a Hardship CMP should be reversed because FNS's analysis was not based on a comparison of (a) prices charged for staple food items or (b) the variety of staple food items at Madina Halal Market and other SNAP-authorized stores in the vicinity in May 2025.

69.    FNS's six-month term disqualification of Madina Halal Market from participating in SNAP and denial of its request for a Hardship CMP should be reversed because FNS failed to interview any SNAP beneficiaries whose EBT cards were used at the store in May 2025.

70.    FNS's six-month term disqualification of Madina Halal Market from participating in SNAP was improper because it was not based on evidence that Madina Halal Market poorly supervised its employees.

71.    FNS's six-month term disqualification of Madina Halal Market from participating in SNAP was improper because FNS had no evidence that Madina Halal Market acted carelessly in permitting the exchange of nonfood items for SNAP benefits.

72.    FNS's denial of Madina Halal Market's request for a Hardship CMP was not rationally related to any legitimate governmental interest.

73.    FNS's denial of Madina Halal Market's request for a Hardship CMP is inconsistent with Congressional intent in enacting the Food and Nutrition Act of 2008.

74.    FNS's failure to issue a warning to Madina Halal Market based on the sale of ineligible items is inconsistent with Congressional intent in enacting the Food and Nutrition Act

COMPLAINT - 8

of 2008.

75.     FNS's imposition of a six-month term disqualification based on the sale of SNAP-ineligible items is inconsistent with Congressional intent in enacting the Food and Nutrition Act of 2008.

76.     FNS's denial of Madina Halal Market's request for a Hardship CMP represents agency action beyond the scope of authority granted by Congress to FNS when it delegated power to promulgate and enforce reasonable regulations in the Food and Nutrition Act of 2008.

77.     7 C.F.R. § 278.6(e)(5), is inconsistent with the directive from Congress contained in 7 U.S.C. § 2021(a)(2) in violation of the Food & Nutrition Act of 2008 and the Administrative Procedure Act.

78.     To the extent that 7 C.F.R. § 278.6(e)(5) purports to provide criteria for the disqualification of a SNAP-authorized retailer food store based on the sale of SNAP-ineligible items, those criteria are inconsistent with the directive from Congress contained in 7 U.S.C. § 2021(a)(1) in violation of the Food & Nutrition Act of 2008 and the Administrative Procedure Act.

79.     To the extent that 7 C.F.R. § 278.6(e)(5) purports to provide criteria for the disqualification of a SNAP-authorized retailer food store disqualified from SNAP pursuant to a reciprocal disqualification of such store from the WIC program pursuant to 7 C.F.R. § 278.6(e)(8), those criteria are consistently ignored by FNS and its officials in violation of the Food & Nutrition Act of 2008 and the Administrative Procedure Act.

80.     FNS's denial of Madina Halal Market's request for a Hardship CMP, which was based entirely upon circumstantial evidence, represents agency action beyond the scope of authority granted by Congress to FNS when it delegated the power to promulgate and enforce reasonable regulations pursuant to the Food and Nutrition Act of 2008.

81.     District courts must exercise independent judgment in deciding whether an agency has asked within its statutory authority. *Loper Bright v. Raimondo*, 603 U.S. 369 (2024).

82.     District courts should no longer grant deference to agency actions.

COMPLAINT - 9

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

83.    District courts should set aside agency actions that are unsupported by substantial evidence.

84.    FNS's decision to deny the Plaintiff's request for a Hardship CMP exceeded its authority under the Food & Nutrition Act of 2008.

85.    FNS's decision to deny the Plaintiff's request for a Hardship CMP exceeded its authority under its SNAP regulations.

86.    FNS's decision to deny the Plaintiff's request for a Hardship CMP was not supported by substantial evidence.

87.    At no time did FNS provide Madina Halal Market with a warning that non-food items, including (but not limited to) disposable gloves, napkins, hair oil, and sponges, were being sold in exchange for SNAP benefits prior to issuance of the Charge Letter.

88.    FNS should have provided Madina Halal Market with a warning that non-food items, including (but not limited to) disposable gloves, napkins, hair oil, and sponges, are not eligible for the redemption of SNAP benefits prior to the issuance of the Charge Letter.

89.    FNS should have provided Madina Halal Market with a warning that non-food items, including (but not limited to) disposable gloves, napkins, hair oil, and sponges, were being sold at the Store in exchange for SNAP benefits after the first alleged violation.

90.    In the event that FNS had provided Madina Halal Market with a warning that non-food items, including (but not limited to) disposable gloves, napkins, hair oil, and sponges, were being sold at the Store in exchange for SNAP benefits after the first alleged violation, no further violations would have occurred.

91.    In the event that FNS provided Madina Halal Market with a warning that non-food items, including (but not limited to) disposable gloves, napkins, hair oil, and sponges were being sold at the Store in exchange for SNAP benefits after the first alleged violation, Madina Halal Market would have re-trained its employees regarding SNAP requirements.

92.    FNS had no basis to have concluded that disposable gloves, napkins, hair oil, and

COMPLAINT - 10

LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

sponges are "common nonfood items."

93. A SNAP retailer charged with the exchange of common nonfood items is eligible for imposition of a Hardship CMP in lieu of disqualification in the event that there are no other SNAP-authorized retail food stores in the vicinity selling as large a variety of staple food products at comparable prices.

94. Prior to issuing the Initial Determination, FNS failed to conduct any analysis of the variety of staple food products carried at Madina Halal Market or any other SNAP-authorized retailer in the vicinity during May 2025.

95. Upon information and belief, prior to issuing the Initial Determination, FNS failed to conduct any analysis of the pricing of staple food products carried at Madina Halal Market

96. Upon information and belief, prior to issuing the Initial Determination, FNS failed to conduct any analysis of the pricing of staple food products carried at other SNAP-authorized retailers in the vicinity.

97. No other SNAP-authorized retailer in the vicinity sells as wide a variety of SNAP-eligible items at comparable prices as Madina Halal Market

98. FNS's decision to deny Madina Halal Market's request for a Hardship CMP is legally deficient and erroneous, including because the FAD contains no analysis regarding the prices charged for comparable staple food items by other SNAP-authorized retailers in the vicinity.

99. FNS's decision to deny Madina Halal Market's request for a Hardship CMP is legally deficient and erroneous, including because the FAD contained no analysis regarding the varieties of staple food items carried by other SNAP-authorized retailers in the vicinity.

100. FNS's decision to deny Madina Halal Market's request for a Hardship CMP is legally deficient and erroneous, including because the FAD contained no analysis regarding the prices of comparable staple food items carried by other SNAP-authorized retailers in the vicinity.

101. Whether staple food items at comparable prices are available at other SNAP-authorized retailers in the vicinity is a mandatory element that FNS must consider in determining

COMPLAINT - 11

whether to grant a Hardship CMP.

102.    Whether as wide a variety of staple food items are available at other SNAP-authorized retailers in the vicinity is a mandatory element that FNS must consider in determining whether to grant a Hardship CMP.

103.    7 C.F.R. § 278.6(f)(1) provides, in pertinent part, that "FNS may impose a civil money penalty as a sanction in lieu of disqualification when the firm subject to a disqualification is selling a substantial variety of staple food items, and the firm's disqualification would cause hardship to SNAP households because there is no other authorized retail food store in the area selling **as large a variety of staple food items at comparable prices**." (emphasis added).

104.    FNS, in issuing the FAD, relied upon records and other information never provided to Madina Halal Market.

105.    In its FAD, FNS relied upon data concerning other SNAP-authorized stores not "in the vicinity" of the Store.

106.    Upon information and belief, in urban areas, until recently, FNS used a half-mile radius to determine whether other SNAP retailers are "in the vicinity" in determining whether to assess a Hardship CMP.  Without going through the "notice and comment" procedure required by the Administrative Procedure Act, FNS appears to have modified the radius it uses (to one mile) in deciding whether to assess a Hardship CMPs.

107.    FNS calculates distance "as the crow flies," not walking or driving distance when determining whether there are other stores "in the vicinity" in the context of deciding whether to assess a Hardship CMP.

108.    FNS's use a one-mile radius in urban areas for determining whether other SNAP retailers are "in the vicinity" for Hardship CMP purposes is arbitrary and capricious.

109.    FNS's use of a one-mile radius for determining whether other SNAP retailers are "in the vicinity" for Hardship CMP purposes ignores that many SNAP beneficiaries do not have cars and do not (and cannot) walk up to two miles (round trip) to shop at a SNAP-authorized

COMPLAINT - 12

retailer.

110.    SNAP beneficiaries, especially those who are elderly and/or disabled, can be reasonably expected to walk as much as a mile (each way) to shop at the unidentified stores referenced in the FAD.

111.    No factual support exists for FNS's decision to deny Madina Halal Market's request for a Hardship CMP.

112.    FNS relied upon undisclosed analyses, including analyses of other SNAP-authorized retail food stores, which were never provided to Madina Halal Market.

113.    The FAD was not based upon any declarations or affidavits from USDA or FNS employees or contractors whose identities were disclosed to Madina Halal Market.

114.    The FAD is FNS's final administrative determination that its six-month disqualification of Madina Halal Market from participation as an authorized SNAP retailer was properly imposed.

115.    The FAD is subject to judicial review and a trial *de novo* pursuant to 7 U.S.C. §§ 2023(a)(13), (15).

116.    Judicial reviews pursuant to 7 U.S.C. §§ 2023(a) are not governed by the Administrative Procedure Act, and the evidence is not limited to the administrative record prepared by FNS.

117.    The FAD was based on an arbitrary and capricious interpretation of the Food and Nutrition Act of 2008 and FNS's SNAP regulations.

118.    The FAD was based on SNAP regulations promulgated by FNS in excess of the authority granted to it (and USDA) by Congress.

119.    FNS incorrectly determined that Madina Halal Market was not eligible for a Hardship CMP in violation of the Food and Nutrition Act of 2008 and FNS's SNAP regulations.

120.    FNS's denial of Madina Halal Market's request for a Hardship CMP was premised upon an erroneous, unsupportable, arbitrary, and capricious interpretation of 7 C.F.R. § 278.6.

COMPLAINT - 13

121.    In issuing the FAD, FNS acted arbitrarily and capriciously by failing to consider all information submitted by or related to Madina Halal Market

122.    Plaintiff respectfully requests a *de novo* review of FNS's FAD, which affirmed the term disqualification of Madina Halal Market's store from SNAP and determined that the alleged violations took place.

123.    Plaintiff respectfully requests a *de novo* review of FNS's FAD in which FNS affirmed the decision in the Initial Determination to decline to issue a warning.

124.    Plaintiff respectfully requests a *de novo* review of FNS's FAD, which affirmed the decision in the Initial Determination to decline to assess a Hardship CMP.


WHEREFORE, Plaintiff Madina Halal Market, LLC respectfully requests that this Court, after conducting a *de novo* review of the FAD, enter judgment in its favor and against the United States and issue an Order granting the following relief:

(a) Reversing the FAD;

(b) Vacating FNS's Initial Determination;

(c) Declaring that disposable gloves, napkins, hair oil, and sponges are not "major ineligible items" under FNS's SNAP regulations;

(d) Declaring the FNS's policy of not obtaining conducting store visits and failing to obtain data regarding the variety and pricing for staple food items at other SNAP-authorized stores in the vicinity is arbitrary and capricious, inconsistent with the Administrative Procedure Act and the Food & Nutrition Act of 2008, and exceeds the authority delegated by Congress therein;

(e) Declaring that FNS's use of a one-mile radius in determining whether to assess a Hardship CMP is arbitrary and capricious, inconsistent with the Administrative Procedure Act and the Food & Nutrition Act of 2008, and exceeds the authority

COMPLAINT - 14

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

delegated by Congress therein;

(f) Preliminarily enjoining FNS from disqualifying Madina Halal Market from participating in SNAP during the pendency of this action;

(g) Permanently enjoining FNS from denying authorization to Madina Halal Market to participate in SNAP based upon the Initial Determination and the FAD;

(h) In the alternative, directing FNS to impose a Hardship Civil Monetary Penalty in an amount consistent with FNS's regulations;

(i) Awarding Madina Halal Market, L.L.C. an amount equal to its reasonable attorneys' fees and costs, including pursuant to the Equal Access to Justice Act; and

(j) Such other and further relief as the Court may deem just and proper.

DATED this 8th day of April, 2026.

LAW OFFICE OF CARL J. MARQUARDT, PLLC

By: /s/ Carl J. Marquardt

Carl J. Marquardt (WSBA #23257)
1126 34th Avenue, Suite 311
Seattle, WA 98122
Tel. 206-388-4498
carl@cjmpllc.com

Stewart D. Fried
Olsson Frank Weeda Terman Matz P.C.
2000 Pennsylvania Avenue NW, Suite 4003
Washington, DC 20006
(202) 518-6326 (direct)
sfried@ofwlaw.com
*Pro Hac Vice Motion Forthcoming*

*Attorneys for Madina Halal Market, L.L.C.*

COMPLAINT - 15